Hester A. Tompkins, Respondent, v. William A. Tompkins and Another, Appellants.— Judgment affirmed, with costs.—
Dykman, J.: This is an appeal from a judgment entered upon the verdict of a jury, and from an order denying a motion for a new trial upon the minutes of the court. The action was tried at the Circuit before a jury, and a verdict rendered in favor of the plaintiff for $500. The defendants are the son and daughter-in-law of the plaintiff. Upon the cross-examination of the plaintiff the fact was disclosed that the defendants had executed two promissory notes to the plaintiff for the indebtedness upon which this action is based, one note for $500 and one note for $450, and that sometime afterward, when the plaintiff was sick, she delivered the notes to her son, one of the defendants, for safe-keeping. After her recovery the plaintiff demanded the notes of the defendants, but they were not returned. They were subsequently destroyed in a fire at the dwelling house of the defendants, to their knowledge. So the ground upon which the motion to dismiss the complaint was based had slid from

beneath the feet of the defendants before the motion was made, and it was properly denied. The notes were overdue at the time of the commencement of this action, and as they were in the possession of the defendants when they were destroyed, they encounter no danger by a recovery in this action, based upon the original indebtedness for which the notes were given. The defendants did not deny the reception of the money, but they say the wife took it. The theory of the defense was that the money was received upon an understanding that the defendants were to keep the plaintiff and her sister, and care for them while they lived. Both the defendants testified that the money was received by the daughter-in-law under that agreement, and the whole case was fairly submitted to the jury in a charge to which there was no exception taken. The jury found a verdict for the plaintiff for $655. It must be assumed now, therefore, that the jury received the testimony of the plaintiff as the truth of the case, and upon that assumption the verdict is fully sustained. In fact it is difficult to believe that the defendants would have given their promissory notes to the plaintiff for the money delivered to them unless they received it as a loan. If the money was an advance payment for board and care to be furnished to the plaintiff and her sister it would have been unnatural for them to give their notes therefor because in that view they would have been under no obligation to repay the money. They would then give the plaintiff no evidence of a debt, because there was none. The record discloses no error and the judgment should be affirmed, with costs. Brown, P. J., and Pratt, J., concurred.